(78 South. 903)

STICKNEY v. L. & E. LAMAR.
(2 Div. 667.)

(Supreme Court of Alabama. May 16, 1918.)

1. GARNISHMENT ☞144—ANSWER—INDEBTEDNESS.

Under the Bulk Sales Act (Acts 1911, p. 94) § 3, excepting sales of goods exempt to the seller from levy and sale under execution, except as to creditors holding the seller's obligations wherein the seller has waived his right to exemptions of personalty, where the writ of garnishment did not show that plaintiff's judgment carried a waiver of defendant's exemption rights, answer which showed that the garnishees were claiming the merchandise conveyed to them by defendant as purchasers for value, and, while showing noncompliance with the Bulk Sales Act, prima facie excluded its application by showing that the merchandise had before its purchase been claimed by the defendant as exempt from legal process, showed no indebtedness to the defendant, either in money or goods.

2. GARNISHMENT ☞162 — AVAILABILITY OF EXEMPTION—BULK SALES ACT—BURDEN OF PROOF.

It was incumbent on plaintiff in garnishment to contest the availability of the exemption claim as a validation of the defendant's conveyance of goods, etc., under the proviso of the Bulk Sales Act, by showing, upon an issue tendered, that his judgment was not subject to the claim of exemption interposed by the garnishee.

3. GARNISHMENT ☞158— PLEADING ☞350 (3) — AFFIDAVIT OF CONTEST — PRIMA FACIE SHOWING OF ANSWER.

An affidavit of contest to the answer of a garnishee alleging that the note upon which plaintiff's judgment was founded contained a waiver of the defendant's exemptions, and that as to the judgment there could be no valid claim of exemptions, was in the nature of a complaint, and was not self-proving, and could not be looked to as impeaching or qualifying the prima facie showing of the garnishee's answer on motion for judgment thereon.

Appeal from Circuit Court, Hale County; Charles E. Waller, Judge.

Action by J. B. Stickney, as judgment creditor of Ira Nabors, by writ of garnishment, against L. & E. Lamar, to subject money or property in their hands to the satisfaction of his judgment. From an adverse judgment, plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The garnishees answered orally, disclosing the following material facts: Nabors was indebted to the garnishee on and prior to July 17, 1914, as evidenced by waive note in the .sum of $792. On that day Nabors executed to him a conveyance of certain personal property, a part of his stock of merchandise, and including only the specified items which Nabors had selected as exempt to him; his declaration and claim of exemption having been duly made and filed in the probate office prior to said conveyance. The inventory value of the goods was $999, and the actual value about $540, and they were then and there delivered to the garnishee. The parties to this transaction did not comply with the provision of the Bulk Sales Act (General Acts 1911, p. 94), which declares that, in the absence of a compliance therewith, a sale of any portion of a stock of merchandise otherwise than in the usual course of business, or in the regular and usual prosecution of the seller's · business, and a sale of the entire stock of merchandise in bulk, or substantially in bulk, shall be presumed to be fraudulent and void as against the creditors of the seller. This answer was controverted by plaintiff, the issues tendered being in substance: First, that the merchandise in question was worth more than $540, to wit, $1,000; and, second, that defendant in execution, Nabors, in making said conveyance, reserved a benefit to himself. These issues were determined adversely to plaintiff, and the cause was continued for judgment on the answer. Plaintiff thereafter moved for judgment on the answer, which was denied.

Joseph H. James, of Greensboro, for appellant. Reese & Reese, of Selma, and R. B. Evins, of Greensboro, for appellee.

SOMERVILLE, J. Conceding, without deciding, that the plaintiff did not, by controverting the garnishees' answer, waive his right to move for a judgment on the answer for the subjection to his debt of such property as the garnishees in legal effect admitted they held belonging to the defendant in execution, and conceding further, without deciding, that the Bulk Sales Act is a valid law, we are nevertheless constrained to hold that plaintiff's motion for judgment on the answer was properly denied.

[1] The answer shows that garnishees are claiming the merchandise conveyed to them by the defendant in execution as purchasers for value; and, while it shows noncompliance with the Bulk Sales Act, it prima facie excludes the application of its provisions by showing that the merchandise in question had before their purchase been duly claimed by Nabors as exempt from legal process. Section 3 of that act provides that:

It "shall not apply to the sale of any goods * * * exempt to the seller from levy and sale under execution and other legal process, except as to those creditors who hold obligations of the seller wherein the seller has waived his right of exemptions to personalty and only to the extent of such obligations."

The writ of garnishment does not show that plaintiff's judgment carries a waiver of the defendant's exemption rights, and there is no presumption that it is a judgment of that character. On its face, therefore, garnishees' answer does not show any indebtedness to the defendant, either in money or goods.

[2] It was, we think, incumbent on plaintiff to contest the availability of the exemption claim as a validation of the conveyance, under the proviso of the Bulk Sales Act, by showing, upon an issue tendered, that his judgment was not subject to the claim of exemptions interposed. Failing to do this, or doing it and not appealing from the adverse judgment on the controverted answer, that judgment must be regarded as conclusive of the question of the validity of the conveyance.

[3] The record in fact shows that in his affidavit of contest of the answer plaintiff alleged that the note upon which his judgment was founded contained a waiver of exemptions, and that as to his judgment there could be no valid claim of exemptions. However, the specifications of contest as submitted do not present this issue, and it does not appear what proof, if any, was made. Of course, the affidavit was in the nature of a complaint, and was not self-proving; nor can it be looked to as impeaching or qualifying the prima facie showings of the answer on the motion for judgment thereon.

We cannot pronounce error on the record, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.